# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION**, as Receiver for **CRESCENT BANK & TRUST COMPANY**,<br><br>   Plaintiff,<br><br>v.<br><br>**J. DONALD BOGGUS, JR.,**<br>**CHARLES R. FENDLEY,**<br>**JOHN S. DEAN, SR.,**<br>**RYKER J. LOWE,**<br>and **RICHARD M. ZORN**,<br><br>   Defendants. | **CIVIL ACTION NO.**<br>**2:13-cv-00162-WCO** |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ADOPT ESI PROTOCOL

Samuel D. Almon
Georgia Bar No. 141432
SCHIFF HARDIN LLP
One Atlantic Center, Suite 2300
1201 West Peachtree Street, NW
Atlanta, GA 30309
Tel:  (404) 437-7000
Fax: (404) 437-7100
salmon@schiffhardin.com

Antony S. Burt (*pro hac vice*)
Paula M. Ketcham (*pro hac vice*)
SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
Tel: (312) 258-5500
Fax: (312) 258-5600
aburt@schiffhardin.com
pketcham@schiffhardin.com

*Attorneys for the Federal Deposit Insurance Corporation, as Receiver for Crescent Bank & Trust Company, Plaintiff*

**I.     INTRODUCTION**

Defendants have not pointed to a single case in which a court has required a party who has already agreed to produce documents as they are kept in the usual course of business to also manually review presumptively responsive ESI prior to production.  The cases cited by Defendants only demonstrate that, in circumstances where a party produces ESI as it is kept in the normal course of business, courts *virtually never* require what Defendants urge here:  an egregiously burdensome, page-by-page, manual review of a voluminous number of documents located by collaboratively developed search terms.  Defendants ignore that in nearly all of the decisions from which they extensively quote, the courts *approved* the production of ESI based on search terms, without manual review.  *See infra* at 4-8 & n.3.

This issue is completely different from the one addressed by this Court in *FDIC v. Stovall*, No. 2:14-cv-00029-WCO (N.D. Ga. Oct. 23, 2014), ECF No. 42 ("*Stovall* Order," attached to Pl.'s Mot. to Adopt ESI Protocol ("Mot.") as Exh. G). Recognizing that the weight of the case law is against them on the issue of manual review, Defendants rely heavily on *Stovall*.  But the issue decided there was whether the FDIC was required to manually review ESI in order to organize it by specific Rule 34 document requests.  (*Stovall* Order at 6.)  *Stovall* said nothing about the question posed here: whether a manual review is required when ESI is

produced as it is kept in the usual course of business under Rule 34(b)(2)(E)(i).[1] Indeed, it would make no sense to require a manual review in this circumstance, because no manual organization is required. Production of ESI as kept in the usual course of business imparts the very structure that the alternative of organizing and labeling is also designed to provide.

Because *Stovall* did not address the issue presented here, the parties' briefs in *Stovall* did not discuss the copious case law approving the production of ESI identified with search terms, without the need for manual review. *See infra* at 12. That is another reason *Stovall* does not control.

Defendants attempt to distract from the lack of merit in their legal arguments by accusing the FDIC-R of using a "tactic" to "limit" their access to documents (Resp. at 2)—an utterly baseless accusation, and a nonsensical one in light of the fact that the FDIC-R has already produced the lion's share of the "core" documents at issue in the case (such as the loan files for the subject loans, the bank's board and loan committee meeting minutes, and the bank's loan policies). What are mostly left now—and what the present dispute concerns—are the presumptively

---

[1] The other case upon which Defendants rely, *FDIC v. Briscoe*, No. 1:11-cv-02303-SCJ (N.D. Ga. June 4, 2013), ECF No. 98 ("*Briscoe* Order," attached to Mot. as Exh. F), also addressed whether manual review was required in order to organize and label a production. *Id.*, slip op. at *9. Like *Stovall*, it did not address the issue raised in the FDIC-R's Motion here.

responsive, non-privileged documents and ESI identified by collaboratively developed search terms. It is Defendants who want to diminish the scope of the FDIC-R's production by requiring an exorbitantly expensive and wholly unnecessary manual review.

Defendants' insistence that they should not have to pay for the conversion of native files to the less-useable static image format they desire is similarly misguided. While the Court did require the FDIC to pay conversion costs in *Stovall*, it did so based on the FDIC's failure to make a factual showing of undue burden. Here, the FDIC-R has submitted unrebutted evidence making such a showing. (*See* ECF No. 67-2, Declaration of Ray Rivard ("Rivard Decl.") ¶¶ 4, 7, 10-12.) On these facts, *Stovall* does not require the FDIC-R to bear the cost of conversion. Additionally, Rule 34, the Advisory Committee Notes, and case law support placing the cost of conversion on Defendants, as explained below and in the Motion.

For all of these reasons, the Court should grant the Motion and enter the FDIC-R's proposed ESI Protocol.

## II.  ARGUMENT

### A.  The Court Should Not Require the FDIC-R to Perform a Manual Review of its ESI Prior to Production.

The FDIC-R's proposed ESI Protocol calls for the FDIC-R to produce documents responsive to search terms collaboratively developed by the parties without further review.  (*See* ECF No. 67-1, FDIC-R's Proposed ESI Protocol ("FDIC-R's Protocol") ¶ 8(b).)  As shown below and in the Motion, this production strategy is a practice frequently undertaken and approved of by federal courts, and is consistent with the FDIC-R's obligations under the Federal Rules of Civil Procedure.

#### 1.  The Case Law Does Not Require a Producing Party to Manually Review Presumptively Responsive ESI Identified Using Search Terms.

A multitude of cases have approved the identification of presumptively responsive documents and ESI using search terms and permitted the production of such documents and ESI without the need for manual responsiveness review.[2]

---

[2] *See, e.g.*, *Williams v. Taser Int'l, Inc.*, No. 1:06-CV-0051-RWS, 2007 WL 1630875, *6-7 (N.D. Ga. June 4, 2007); *FDIC-R/Broadway Bank v. Giannoulias*, No. 12 C 1665, 2013 WL 5762397, *2  (N.D. Ill. Oct. 23, 2013); *FDIC v. Bowden*, No. CV413-245, 2014 WL 2548137, *7-9 (S.D. Ga. June 6, 2014); *FDIC v. Appleton*, No. CV 11-476-JAK, 2012 WL 10245383, *5 n.3 (C.D. Cal. Nov. 29, 2012); *FDIC v. Baldini*, No. 1:12-7050, 2014 WL 1302479, *9 (S.D. W.Va. Mar. 28, 2014); *FDIC v. Loudermilk*, No. 1:12-cv-04156-TWT, slip op. at *1-2 (N.D. Ga. Mar. 24, 2014), ECF No. 40 (attached to Mot. as Exhibit C); *FDIC v. Baker*,

Indeed, with the exception of *Stovall* and *Briscoe*, *no case cited by Defendants* ordered the manual review of ESI prior to production.³ And as discussed below, *Stovall* and *Briscoe* did not address the issue presented here. (*Infra* at 9-13.) Defendants have failed to identify a *single case* where a court required a producing party to perform a manual review of ESI prior to production, where the ESI was produced as kept in the usual course of business.

---

1:12-CV-04173-RWS (N.D. Ga. April 18, 2013), ECF No. 20 (attached to Mot. as Exhibit D); *Radian Asset Assur., Inc. v. Coll. of the Christian Bros. of New Mexico*, No. CIV 09-0885 JB DJS, 2010 WL 4928866, at *7 (D.N.M. Oct. 22, 2010); *In re Lorazepam and Clorazepate Anti-trust Litig.*, 300 F. Supp. 2d 43, 47 (D.D.C. 2004); *Zakre v. Norddeutsche Landesbank Girozentrale*, No. 03 CIV. 0257(RWS), 2004 WL 764895, at *1 (S.D.N.Y. Apr. 9, 2004).

³ *See Appleton*, 2012 WL 10245383 at *5 n.3 (ordering FDIC to produce documents based on search terms, without manual review); *Baldini*, 2014 WL 1302479 at *9 (ordering the FDIC (as receiver) to produce ESI identified with search terms, but without manual review); *William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 135 & n.2 (S.D.N.Y. 2009) (permitting production of documents based on search terms, without ordering manual review); *Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enforcement Agency*, 877 F. Supp. 2d 87, 111 (S.D.N.Y. 2012) (ordering parties to confer on search terms and produce based on those search terms; not ordering manual review); *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006) ("Absent agreement with Mr. Treppel about a search strategy, Biovail should have proceeded unilaterally, producing all responsive documents located by its search. It shall now do so promptly."); *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 585-86 (C.D. Cal. 2011) (acknowledging ESI need not be organized and labeled if produced as kept in usual course of business; court did not order manual review).

Defendants attempt to minimize the ample case law supporting production of ESI without a manual responsiveness review, suggesting that the *Giannoullias* and *Bowden* decisions approving such productions were outliers. (Resp. at 9.)  As shown above, that suggestion is completely incorrect.[4]

In addition, Defendants selectively quote the opinion in *Baldini*, (Response at 9 n.5, 11), but the *Baldini* court expressly *approved a production of ESI using search terms, without manual review*—something Defendants ignore.  2014 WL 1302479 at *9.  *Baldini* makes clear that a responding party may produce documents identified with search terms, without a manual review, and in so doing, satisfies its obligations to the requesting party.  *Id.*  The same is true of the *Appleton* case, which Defendants cite for the proposition that a producing party cannot "bury" documents.  (Resp. at 9 n.5.)  But again, Defendants ignore that *the Appleton court approved the production of documents identified with search terms, without manual review*.  2012 WL 10245383 at *5 n.3.

Indeed, a court in this district approved the production of presumptively responsive ESI identified with search terms in *Williams*, while recognizing that the

---

[4] Defendants also seek to downplay the import of *Giannoulias* and *Bowden* by noting that they were decided before *Stovall*. (Resp. at 9.)  But the fact that those cases were decided before *Stovall* is irrelevant, because the parties in *Stovall* did not cite or discuss those cases.

requesting party would "likely be required to wade through a significant number of documents."  2007 WL 1630875 at *6-7.  *Williams* is just one of many cases in which courts approved identification and production of presumptively responsive ESI without the need for manual review.  *See, e.g.*, *Radian*, 2010 WL 4928866 at *7; *In re Lorazepam*, 300 F. Supp. 2d at 47; *Zakre*, 2004 WL 764895 at *1.

Defendants argue several times that the FDIC-R should not be permitted to produce a "grab bag," "undifferentiated mass" of documents, or document "dump[]."  (Resp. at 7, 8.)  But when documents are produced as they are kept in the ordinary course of business, as they will be here, they do not constitute an "undifferentiated mass." *See Colton*, 277 F.R.D. at 585.  All the more so here, where the documents will be identified using search terms carefully developed in collaboration with Defendants.  (FDIC-R's Protocol ¶ 8(b).)  As shown above, many courts have approved production of documents using similar procedures, and without the need for any manual review.

Defendants cite two cases purportedly supporting the proposition that search terms are unreliable. (Response at 8 n.4)  Yet in both of those cases, the courts *approved* the production of ESI based on search terms, without requiring manual review.  *William A. Gross*, 256 F.R.D. at 135 (ordering production of documents based on search terms, without requiring manual review); *Nat'l Day Laborer Org.*,

7

877 F. Supp. 2d at 111 (ordering parties to produce documents based on collaboratively developed search terms; not ordering manual review).

Nor does *Treppel* support Defendants' assertion that a manual review is required. They mischaracterize the case as "recognizing search terms not as a solution to satisfying discovery obligations, but as consistent with developing a 'comprehensive search strategy.'" (Resp. at 11.) In fact, the court ordered the responding party to produce "all responsive documents located by its search," and did not order a manual review. *Treppel*, 233 F.R.D. at 374.

Approving the production of ESI identified using collaboratively developed search terms, without manual review, would not "shift" any burden to Defendants. Whether the FDIC-R performs a manual review or not, Defendants will still use search tools to find key documents. Accordingly, a manual review by the FDIC-R would entail enormous expense, grossly out of proportion to any benefit to Defendants. (*See* Rivard Decl. ¶¶ 4, 7, 10-12.)

Also, due to the large volume of ESI that would need to be reviewed, a manual review would substantially delay the Phase II production. (*Id.* ¶ 11.) Defendants have not disputed the enormous costs and delay that a manual review will entail. While such a review may slightly pare down the number of documents produced, the production would nonetheless be voluminous and Defendants

undoubtedly would then use search terms on the documents and ESI produced. In other words, a manual review would add little value, but would impose a huge and entirely unnecessary cost on the FDIC-R. *See Bowden*, 2014 WL 2548137, at *7 (characterizing manual search costs as "devastating"). And as set forth above, the case law does not require a manual review in this situation. *Supra* at 4-9.

### 2. The Manual Review Issue Presented Here is Entirely Distinct from the Manual Review Issue Addressed in *Stovall* and *Briscoe*.

Defendants' arguments rest almost completely on the orders in *Stovall* and *Briscoe*, but neither of those cases dealt with the issue presented here. With respect to the manual review of ESI by the producing party, *Stovall* addressed two issues: whether "ESI" is subject to the same production requirements as "documents" under Rule 34 (*Stovall* Order at 4-6), and whether the FDIC-R was required to review ESI in order to tie "each individual communication to a specific Rule 34 document request." *Id.* at 6. Neither issue is presented in this case. *Stovall* did not address whether a manual review of ESI is needed when the ESI is produced as it is kept in the usual course of business. *See id.*

Here, none of the parties has argued that ESI is not subject to the same requirements as documents, so *Stovall's* holding on that point does not answer the question presented in this Motion: whether the FDIC-R, having agreed to produce

9

documents as they are maintained in the ordinary course of its business, must manually review for responsiveness every document identified by collaboratively developed search terms.[5]

Nor are *Stovall's* or *Briscoe's* holdings on the issue of manual review pertinent to the FDIC-R's Motion. Rule 34 permits a responding party to produce documents in one of two ways: it may either produce the documents "as they are kept in the usual course of business," or it may organize and label the documents to correspond to the document requests. Fed. R. Civ. P. 34(b)(2)(E)(i). The overarching purpose behind these two production methods is to ensure documents are produced in an organized manner that "giv[es] some structure to the production." *Consol. Rail Corp. v. Grand Trunk W. R.R. Co.*, No. CIV.A.09CV10179, 2009 WL 5151745, *3 (E.D. Mich. Dec. 18, 2009). When documents are produced as they are kept in the ordinary course of business, no further organization is needed. *Id.* And when ESI is produced with adequate metadata, it is produced as kept in the usual course of business. *See, e.g.*, *Giannoulias*, 2013 WL 5762397 at *3; *Valeo Electrical Systems, Inc. v. Cleveland Die & Mfg. Co.,* 2009 WL 1803216, *2 (E.D. Mich. 2009).

---

[5] Defendants acknowledge that *Stovall* "rests on the idea that the production of ESI is subject to requirements comparable to all other documents," a proposition not at issue here. (Resp. at 8.)

The FDIC-R here will produce its ESI as it was kept in the usual course of its business, pursuant to Rule 34(b)(2)(E)(i) and 12 U.S.C. § 1820(f),[6] because the emails, documents, and other ESI will be produced with the type of metadata that "reveal[s] information about where the documents were maintained, who maintained them, and whether the documents came from one single source or file or from multiple sources or files." *Valeo*, 2009 WL 1803216, at *2; FDIC-R's Protocol at 11-15.[7] Because the ESI is produced in an organized manner, it is useable in the way sought by the Rules, and no additional manual review is needed.

In *Stovall* and *Briscoe*, on the other hand, the courts addressed the production of ESI under Rule 34(b)(2)(E)(i)'s option to organize and label documents. *Stovall* Order at 6 (requiring manual review in order to tie each item of ESI "to a specific Rule 34 document request"); *Briscoe* Order at 9 (ordering manual review in order to produce "documents labeled to correspond to the categories in Defendants' request"). To accomplish that organization and labeling,

---

[6] Under Section 1820(f), when the FDIC, in its role as receiver, gathers documents from failed banks, those documents constitute the FDIC's "original record[s] for all purposes."

[7] Defendants have conceded that the FDIC-R will produce ESI as kept in the usual course of business. (*See Defs. Resp. in Opp. to Pls. Mot. to Adopt FDIC's ESI Protocol*, ECF No. 71 at 11 n.6.)

the courts in those cases held that a manual review of the ESI was needed. *Stovall* Order at 6; *Briscoe* Order at 9. That reasoning has no application where documents are produced as they are kept in the usual course of business, and therefore need not be organized and labeled to correspond to individual requests for production. In short, while *Stovall* and *Briscoe's* holdings may appear to have some superficial similarity to this case, they addressed entirely separate issues.

Additionally, likely because they were addressing a wholly different question, the parties in *Stovall* did not present the Court with the abundant case law, from this Court and others, approving the production of presumptively responsive ESI identified using search terms, without manual review. *See FDIC-R's Mot. to Adopt ESI Protocol*, ECF No. 67 at 8-15 (citing cases declining to require manual review of ESI prior to production); *compare FDIC as Receiver for Habersham Bank's Mot. to Adopt ESI Protocol*, No. 2:14-cv-00029-WCO, ECF No. 33 at 4-9 (not citing cases on manual review). Because this significant body of law was not briefed, *Stovall* does not speak to the issue presented here.

What is more, in *Stovall*, the FDIC-R did not make a factual showing of undue burden. *Stovall* Order at 6. It has done so here, and Defendants have not disputed that factual showing. (*See* Rivard Decl. ¶¶ 4, 7, 10-12.) Indeed, the FDIC-R has submitted evidence detailing the great expense it would incur if the

Court were to adopt Defendants' proposed protocol and require a manual review of all documents. (*See id.*)

In sum, *Stovall* and *Briscoe* addressed different issues, are factually distinguishable, and do not control the resolution of the FDIC-R's pending Motion.

### B. The Court Should Not Require the FDIC-R to Bear the Cost of Converting ESI From Native Format to Static Images.

Defendants suggest that the requesting party unilaterally controls the form of documents produced. That is not the law. Under Rule 34, both parties have input as to the format of production, and if they do not agree, the Court is to decide. Fed. R. Civ. P. 34, Advisory Committee note 2006. In doing so, the Court may consider, among other things, the burden and expense to the producing party. *See Westdale Recap Props., Ltd. v. NP/I&G Wakefield Commons, LLC*, 2013 WL 5424844, *6 (E.D.N.C. Sept. 26, 2013).

While the Court did require the FDIC, as receiver for a different bank, to pay the cost of converting native files to static images in *Stovall*, the Court pointedly noted that the FDIC had not made a factual showing of undue burden. *Stovall* Order at 6. Here, the FDIC-R has made a factual showing of undue burden, and Defendants have made no attempt to rebut that showing. (*See* Rivard Decl. ¶¶ 4, 7, 10-12.)

13

Again, Defendants cite several cases on this issue that actually support the FDIC-R's position. In *Dahl v. Bain Capital Partners, LLC*, 655 F. Supp. 2d 146, 149 (D. Mass. 2009), for instance, the court noted that "the presumption is that parties must satisfy their own costs in replying to discovery requests," a relatively noncontroversial proposition. But the court then stated: "[a]t the same time, the court rules that the [responding parties] do not have to pay to change the format of their responsive documents." *Id.* Defendants cite only the language regarding parties bearing their own costs, when in fact the court declined to require the responding party to pay to convert the format of documents. (*See* Resp. at 7.)

Defendants also quote *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358, 98 S. Ct. 2380, 2393 (1978) as follows: "the responding party must bear the expense of complying with discovery requests." (Resp. at 7.) In fact, the full quote is:

> *Under those rules, the presumption is that* the responding party must bear the expense of complying with discovery requests, *but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from "undue burden or expense" in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery.*

437 U.S. at 358, 98 S. Ct. at 2393 (emphasis added). Based on the FDIC-R's factual showing of undue burden here—a showing that was absent in *Stovall*—the

14

Court should exercise its discretion under Rule 26(c) and condition the production of ESI in static image format on Defendants' payment of the cost to do so.  *See id.*

### III.  **CONCLUSION**

For the foregoing reasons, Plaintiff FDIC-R respectfully requests that the Court adopt its proposed ESI Protocol attached to its Motion as Exhibit A.

        Respectfully submitted,

        /s/ Samuel D. Almon
        Samuel D. Almon
        Georgia Bar No. 141432
        SCHIFF HARDIN LLP
        One Atlantic Center, Suite 2300
        1201 West Peachtree Street, NW
        Atlanta, GA 30309
        Tel:  (404) 437-7000
        Fax: (404) 437-7100
        salmon@schiffhardin.com

        Antony S. Burt (admitted *pro hac vice*)
        Paula M. Ketcham (admitted *pro hac vice*)
        SCHIFF HARDIN LLP
        233 South Wacker Drive
        Suite 6600
        Chicago, IL 60606
        Tel: (312) 258-5500
        Fax: (312) 258-5600
        aburt@schiffhardin.com
        pketcham@schiffhardin.com

        *Attorneys for the Federal Deposit Insurance Corporation, as Receiver for Crescent Bank & Trust Company, Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1 N.D. Ga., I hereby certify that this REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO ADOPT ESI PROTOCOL has been prepared in Times New Roman 14 point.

*/s/ Samuel D. Almon*
Samuel D. Almon

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION**, as Receiver for **CRESCENT BANK & TRUST COMPANY**,<br><br>    Plaintiff,<br><br>v.<br><br>**J. DONALD BOGGUS, JR.,**<br>**CHARLES R. FENDLEY,**<br>**JOHN S. DEAN, SR.,**<br>**RYKER J. LOWE,**<br>and **RICHARD M. ZORN,**<br><br>    Defendants. | **CIVIL ACTION NO.**<br>**2:13-cv-00162-WCO** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this 28th day of April, 2015 filed the foregoing PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ADOPT ESI PROTOCOL with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| W. Scott Sorrels<br>Georgia Bar No. 667074<br>Yvonne Marianne Williams-Wass<br>Georgia Bar No. 360368<br>SUTHERLAND ASBILL &<br>   BRENNAN LLP<br>999 Peachtree Street, NE, Suite 2300<br>Atlanta, Georgia 30309-3996<br>Tel: (404) 853-8000<br>Fax: (404) 853-8806<br>scott.sorrels@sutherland.com<br>yvonne.williams-wass@sutherland.com | J. Timothy Mast<br>Georgia Bar No. 476199<br>Mary M. Weeks<br>Georgia Bar No. 559181<br>TROUTMAN SANDERS LLP<br>5200 Bank of America Plaza<br>600 Peachtree Street, N.E.<br>Atlanta, Georgia 30308<br>Tel: (404) 885-3000<br>Fax: (404) 885-3900<br>tim.mast@troutmansanders.com<br>mary.weeks@troutmansanders.com |
| Barry Dennis Hovis<br>Catherine Mi Lee<br>MUSICK, PEELER & GARRETT, LLP<br>601 California Street<br>San Francisco, CA 94108<br>Tel: (415) 281-2000<br>b.hovis@mpglaw.com<br>c.lee@mpglaw.com | Ryan Scarborough<br>WILLIAMS & CONNOLLY, LLP-DC<br>725 12th Street, N.W.<br>Washington, DC 20005-5901<br>Tel: (202) 434-5000<br>rscarborough@wc.com |

*/s/ Samuel D. Almon*

Samuel D. Almon
Georgia Bar No. 141432
SCHIFF HARDIN LLP
One Atlantic Center, Suite 2300
1201 West Peachtree Street, NW
Atlanta, GA 30309
Tel:  (404) 437-7000
Fax: (404) 437-7100
salmon@schiffhardin.com

*Attorneys for the Federal Deposit Insurance Corporation, as Receiver for Crescent Bank & Trust Company, Plaintiff*

2